John K. Bodick
Assistant Attorney General
310 K Street, Suite 403
Anchorage, Alaska 99501
Phone: (907)269-6379
Attorney for Defendant Stallman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNETH M. THOMPSON, II, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOCTOR STALLMAN, et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. A05-0161 CV (JWS) |

### AFFIDAVIT OF LAURA BROOKS

STATE OF ALASKA            )
THIRD JUDICIAL DISTRICT    )

Laura Brooks, being first duly sworn, deposes and states:

1. I am the Director of Mental Health Services for the Alaska Department of Corrections. In this position I oversee and coordinate the provision of mental health

services for all Alaska's correctional facilities. As director, my duties include making arrangements for involuntary medication of mentally ill prisoners. I am a licensed Psychological Associate and have been so licensed for four years. Before I became the director, I was a mental health clinician for the Department for five years and have worked in the mental health field for ten years.

2. I have not been personally involved in the treatment of prisoner Kenneth Thompson except for my involvement with making arrangements for his involuntary medication hearing. I have reviewed Mr. Thompson's file. Mr. Thompson has been incarcerated by the State of Alaska since August of 2004 but has previously been incarcerated in 2003. In late November of 2004, Department of Corrections' psychiatrist Dr. Dwight Stallman diagnosed Mr. Thompson with schizophrenia and asked that involuntary medication proceedings commence. A second opinion was obtained by consulting psychiatrist Dr. Wandall Winn who agreed with Dr. Stallman's diagnosis.

3. Pursuant to Department Policy No. 807.16 an involuntary medication hearing was held on November 24, 2004. A true and correct copy of Policy 807.16 is attached hereto as Exhibit A. Psychiatric nurse Theresa Warfield and psychiatrist Dr. Jennifer Lothian sat on the committee. The committee determined that Thompson required involuntary medication because he was gravely disabled due to a mental disorder, not capable of giving informed consent, and was a danger to himself and others without medication. Appropriate psychotropic medication was administered. Mr. Thompson has since begun to voluntarily take his medication.

4. Pursuant to Policy No. 807.16, Mr. Thompson had the opportunity to appeal the determination of the committee to the Department's Medical Advisory Committee. I have reviewed his file and found that Mr. Thompson did not submit such an appeal. Mr. Thompson did communicate with the ombudsman's office regarding his medication.

5. The Department also has an extensive grievance procedure that was available to Mr. Thompson to challenge the involuntary administration of psychotropic medication found in Policy No. 808.03. A true and correct copy of Policy No. 808.03 is attached hereto as Exhibit B. All grievances are maintained in logs. I reviewed the grievance logs for the time period since Mr. Thompson's involuntary mediation hearing and did not locate any entry for a grievance by Mr. Thompson regarding the involuntary administration of the psychotropic medication.

6. When Mr. Thompson was previously incarcerated in 2003, it was also determined after the requisite hearing that he needed involuntary medication. Mr. Thompson did appeal this previous determination to the Medical Advisory Committee.

7. Mr. Thompson is currently scheduled for release on September 18, 2006.

Further your affiant sayeth naught.

_____

SUBSCRIBED AND SWORN TO before me April 6Th, 2006.

_____
Notary Public
My comm'n expires: Sept. 20, 2008