| State of Alaska Department of Corrections Policies and Procedures | Index #: 807.16 | Page 1 of 1 |
|---|---|---|
| | Effective: | Reviewed: |
| | Distribution: | Due for Rev: |
| **Chapter:** Health Care Services | | |
| **Subject:** Involuntary Psychotropic Medication | | |

Policy

A. Except as otherwise directed or approved by a court, psychotropic medication may be administered involuntarily only in compliance with the provisions of this policy.

Procedures

A. Definitions

1. Gravely Disabled

    A condition in which the prisoner, as a result of a mental disorder: (1) is in danger of serious physical harm resulting from his or her failure to provide for essential human needs of health or safety, or (2) manifests severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety.

2. Likelihood of Serious Harm

    Evidence of substantial risk of physical harm to self or others, or to the property of others.

3. Medical Advisory Committee (MAC)

    A Commissioner-appointed panel that makes Department decisions regarding non-emergency hospitalizations, some specialty referrals, complex clinical cases, special studies or treatments, and reviews prisoner health care grievance appeals (see policy #807.01, Health Care Organization and Administration). MAC includes health care staff and selected collaborating and consulting physicians.

4. Mental Disorder

    Any organic, mental, or emotional impairment according to the DSM-IV that has a substantial adverse effect on an prisoner's cognitive or volitional functioning.

5. Psychiatric Emergency

    A situation in which the prisoner poses an imminent threat of serious physical harm to self or others due to a mental disorder.

6. Psychiatric Order

    A medical order issued by a licensed psychiatrist providing psychiatric services for the Alaska Department of Corrections.

B. Order for Involuntary Administration of Psychotropic Medication

1. Except as provided in section D below (psychiatric emergency), if involuntary administration of psychotropic medication appears necessary, the prisoner must be referred to and evaluated by a psychiatrist. A psychiatric order for involuntary administration of psychotropic medication may only be given if it is demonstrated that the prisoner suffers from a mental disorder, and as a result of the disorder, constitutes a likelihood of serious harm to self or others, property destruction or is gravely disabled.

2. A psychiatric order for involuntary administration of psychotropic medication and the clinical evidence and diagnosis to support that order must be fully documented in the prisoner's medical file. Documentation will include the patient's history of (in)voluntary medication compliance, prognosis, history of side effects, and treatment plan (including prescription).

Exhibit: A

| Subject: Involuntary Psychotropic Medication | Index #: 807.16 | Page: 2 of 2 |
|---|---|---|

3. A mental health professional shall meet with the prisoner to discuss the reasons that the medication was ordered and to address any concerns the prisoner may have about complying with the psychiatric order for the medication. A full discussion of the medication side effects, risks, benefits, and alternatives shall also be provided and documented at this time.

C. <u>Right to Refuse Psychotropic Medication</u>

   1. In the absence of a psychiatric emergency or a court order directing or approving the administration of psychotropic medication, a prisoner has the right to refuse to comply with a psychiatric order for psychotropic medication unless the involuntary administration of that medication has been reviewed and approved by a Mental Health Review Committee at the conclusion of a due process hearing where it is determined that:

      a. the prisoner suffers from a mental disorder;

      b. the medication is in the best interest of the prisoner for medical reasons; and

      c. the prisoner is gravely disabled or poses a likelihood of serious harm to self, others, or the property of others.

D. <u>Psychiatric Emergencies</u>

   1. Notwithstanding section B above, if, in the opinion of a licensed health professional with prescriptive authority, a prisoner is suffering from a mental disorder, and as a result of that disorder, presents an imminent likelihood of serious harm to self or others, a psychiatric emergency exists. In such cases, the prisoner may be administered psychotropic medication over his or her objections for a limited time, if medically appropriate. Justification for emergency involuntary psychotropic medication must be documented in the prisoner's medical file.

      a. The prescribing health care professional shall notify the Department's Mental Health Clinician Supervisor as soon as practicable after involuntary psychotropic medications are initiated.

      b. When medication is prescribed in a psychiatric emergency, consultation with a licensed psychiatrist must be obtained within 24 hours. The consultation and any recommendations from the consulting psychiatrist must be documented in the prisoner's medical file.

         (1) If the psychiatrist does not concur in the administration of psychotropic medication, it may no longer be administered.

         (2) If the psychiatrist concurs in the continued administration of psychotropic medication, such medication may be continued for up to 72 hours, excluding weekends and holidays.

            (a) Health care staff shall initially offer all involuntary medication in its oral form, paying particular attention to insure the patient's compliance. This may include a complete mouth check.

            (b) If the patient refuses the oral medication, appropriate security staff should be notified for assistance in administering intramuscular medication.

            (c) Health care staff shall monitor and document the patient's condition at least every four hours on day and swing shifts. Night shift staff shall check the patient at least once while the patient is awake.

      c. Any involuntary administration of psychotropic medication beyond the time periods described in Section D(1)(b) above requires the approval of the Mental Health Review Committee following a due process hearing.

E. <u>Mental Health Review Committee</u>

1. Except for the involuntary administration of psychotropic medication during a psychiatric emergency, involuntary administration of psychotropic medication may occur only at the Cook Inlet Pre-Trial Facility's Mike Module Unit in the case of male prisoners, and the Hiland Mountain Correctional Center in the case of female prisoners.
2. A Mental Health Review Committee shall be established within the Department in order to conduct due process hearings to review psychiatric orders for involuntary administration of psychotropic medication.
   a. The committee shall be comprised of two members appointed by the Health Care Administrator.
      (1) Both members shall be licensed Mental Health Professionals.
      (2) At least one member shall be a psychiatrist.
      (3) One member of the committee shall serve as the Chairperson as designated by the Health Care Administrator.
   b. Neither of the members of the committee may have been involved in the prisoner's current treatment or the prescribing of the psychotropic medication under review, but clinicians are not disqualified from sitting on the committee if they have treated or diagnosed the prisoner in the past.

F. Right to a Hearing
   1. Upon completion of the order for involuntary administration of psychotropic medication, the prescribing psychiatrist shall, by use of the attached form (807.16A), request the scheduling of a due process hearing to occur within 72 hours.
   2. The Mental Health Review Committee shall conduct a tape recorded due process hearing to review the psychiatric order for involuntary administration of psychotropic medication.

G. Prehearing Activities
   1. A member of the institutional staff independent of the prisoner's treatment team shall be assigned by the institutional Superintendent to assist the prisoner in the due process procedure. The staff assistant must be able to understand and interpret the prisoner's rights and hearing proceedings, act in the prisoner's best interest, and have some understanding of the psychiatric diagnosis and the issues that a case may present.
      a. The role of the assisting staff member is to facilitate the understanding and participation in the hearing by the prisoner.
      b. The assisting staff member must have completed a training program approved by the Attorney General's Office and the Mental Health Clinician Supervisor of the Department regarding the relevant legal and medical issues.
   2. The prisoner and the assisting staff member shall be provided written notice (form 807.16B), of the time and place of the hearing at least 24 hours prior to the hearing.
      a. The notification must also include the:
         (1) diagnosis; and
         (2) reasons that the psychiatrist and other mental health services staff believe the medication is necessary.
   3. At least four hours prior to the hearing, the prisoner and the assisting staff member may request in writing to the Chairperson of the Committee that certain witnesses be present at the hearing or that specific questions be asked of certain witnesses outside of the hearing or telephonically during the hearing if they are unable to personally appear.
      a. The request shall be made using page 2 of form 807.16B.

4. Prior to the hearing, the Mental Health Review Committee shall conduct any investigation and/or examination as it deems necessary regarding the administration of psychotropic medication to the prisoner.
   a. Any information obtained during an investigation must be presented at the hearing in order to be considered by the Committee in reaching its' decision and to give the prisoner an opportunity to respond.
5. Absent a psychiatric emergency requiring that a prisoner be involuntarily medicated, the prisoner has the right to refuse involuntary medication or psychiatric care 24 hours preceding the due process hearing, and until the hearing adjourns. If a psychiatric emergency requires that the prisoner be medicated, the Chairperson of the Mental Health Review Committee shall make findings at the hearing whether the administration of medication caused the prisoner any difficulties with cognition and communication which prevented the prisoner from actively participating in the hearing.

H. Due Process Hearing
   1. The prisoner must be provided the opportunity to be present at the hearing unless the prisoner's attendance poses a substantial risk of serious physical or emotional harm to self or poses a threat to the safety of others.
      a. The assisting staff member shall appear at the hearing on the prisoner's behalf whether the prisoner is present or not.
   2. At the hearing, the Mental Health staff are obligated to disclose to the prisoner the evidence relied upon for the proposed involuntary treatment.
   3. The prisoner and the assisting staff member may present relevant evidence, including statements, testimony of witnesses, and written documents and may cross examine witnesses who testify at the hearing in support of involuntary medication.
      a. The presentation of evidence or questioning of witnesses by the prisoner or the assisting staff member may be limited or disallowed only when the Chairperson of the Committee finds the evidence or questions to be irrelevant, repetitious, or a threat to the safety of those involved in the proceedings or the security of the facility.
         (1) Any denial of a request to make statements, present witnesses or documents, or cross examine witnesses must be explained orally at the hearing and in the hearing summary (form 807.16C).
         (2) Upon a showing of good cause, written statements of witnesses, or telephonic testimony may be permitted by the Chairperson in lieu of live testimony.
   4. Any information obtained outside of the hearing must be made available at the hearing so that the prisoner has the opportunity to respond to or comment upon it.
   5. Although the documentation in the medical file of the prisoner must be reviewed by the committee, the committee may also require that the psychiatrist responsible for the psychiatric order under review appear in person at the hearing.

I. Decision of the Committee
   1. The Committee shall consider all relevant information and material which has been presented at the hearing in deciding whether to approve or modify the psychiatric order for involuntary administration of the psychotropic medication. Any decision to approve involuntary administration of psychotropic medication must be unanimous.
   2. A written decision must be prepared by the Chairperson of the Committee and provided to the prisoner, (form 807.16C).
      a. The written decision must be signed by both members of the Committee.
      b. The written decision must contain a summary of the hearing, including the following:

        (1) the evidence presented; and

        (2) the rationale for approving, modifying, or disapproving the involuntary administration of the psychotropic medication.

    3. The original of the written decision shall be placed in the prisoner's institutional file, and copies distributed to the following:

       a. the prisoner;

       b. the prisoner's medical file;

       c. the prisoner's mental health file;

       d. the Health Care Administrator;

       e. the Mental Health Clinician Supervisor; and f. the Committee Chairperson.

J. Appeal Process

    1. If the Committee approves the involuntary administration of the psychotropic medication, the prisoner shall be advised of the right to appeal the decision to the Medical Advisory Committee for the Department by filing a written notice of appeal within 48 hours of the prisoner's receipt of the Committee's written decision (form 807.16D).

       a. If the prisoner decides to appeal the decision to approve the involuntary administration of the psychotropic medication, the assisting staff member shall promptly forward or assist the prisoner in preparing and forwarding the prisoner's written appeal, within the 48 hour time limit. The prisoner may request to listen to the tape recording of the due process hearing to assist in the appeal.

       b. If the prisoner appeals a decision to approve the involuntary administration of the psychotropic medication, the Medical Advisory Committee shall review the decision of the Mental Health Review Committee.

         (1) The Medical Advisory Committee shall, within five working days, either:

            (a) approve the continued involuntary administration of the psychotropic medication as ordered by the prescribing psychiatrist or as modified by the Mental Health Review Committee; or

            (b) order it to cease.

         (2) The decision of the Medical Advisory Committee shall be in writing.

    2. Department of Corrections' nursing staff shall enforce the administration of the medication as ordered by the psychiatrist and approved by the Mental Health Review Committee while awaiting the decision of the Medical Advisory Committee on the appeal.

    3. The original of the written appeal decision shall be placed in the prisoner's institutional file, and copies shall be distributed to the following:

       a. the prisoner;

       b. the prisoner's medical file;

       c. the prisoner's mental health file;

       d. the Mental Health Clinician Supervisor; and

       e. the Chairperson of the Mental Health Review Committee.

K. Monitoring and Periodic Review

    1. Once initiated, the involuntary administration of psychotropic medication must be reviewed by the prescribing psychiatrist within seven calendar days.

       a. If the order for medication is renewed, it must continue to be reviewed at least every 14 calendar days by the prescribing psychiatrist.

    b. Full documentation supporting the decision to continue to administer the medication must be provided in the medical and mental health file by the psychiatrist

2. The prisoner must be interviewed by the prescribing psychiatrist at least once every 30 days while the prisoner is receiving involuntary psychotropic medication.
   a. Full documentation (including side effects) supporting the continuation or discontinuation of involuntary medication must be provided by the psychiatrist in the medical file.
   b. When the prisoner becomes compliant with his medications, his willingness to voluntarily take the medication is to be fully documented in the medical file.
   c. The involuntary medication treatment may be discontinued when the psychiatrist feels the patient has insight into his mental illness and is at a point in his treatment where he is able to continue taking his medications on a voluntary basis or is no longer in need of medications.

3. The Mental Health Review Committee shall conduct a hearing and review the need for continued involuntary medications every six months if the involuntary administration of the medication continues or occurs on a regular basis during that time; and shall review the treating psychiatrist's choice of both the type and dosage of medication to be administered. The Committee may recommend suitable changes in the type and dosage if deemed medically appropriate. If the treating psychiatrist, in his or her professional judgment, does not accept the Committee's recommended changes, the Committee may disapprove the continued involuntary administration of medication subject to the psychiatrist's right to seek review by the Medical Advisory Committee. Unless a review hearing occurs before the Mental Health Review Committee, a prisoner may not be involuntarily administered psychotropic medication after a six-month period has expired.

Date: July 9, 1995

Margaret M. Pugh, Commissioner
Department of Corrections

Authority:
*Washington v. Harper*, 494 U.S. 210 (1990)
*Cleary* Final Order, 3AN-81-5274 CIV (Sept. 1990)
22 AAC 05.122
22 AAC 05.253

Forms Applicable:
807.16A
807.16B
807.16C
807.160