IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNETH M. THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DOCTOR STALLMAN,<br><br>　　　　　Defendant. | Case No. 3:05-cv-161   TMB<br><br><br>O R D E R |

　　　　Plaintiff filed a Prisoner's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, claiming that while he was incarcerated in the Anchorage Correctional Center, he was denied the right to refuse medication. Docket 2. The Complaint indicates that Plaintiff appealed the decision to involuntarily medicate him, and that the appeal was attached. Docket 2 at 9. He indicated that the grievance procedure was complete.[1] Id. Plaintiff seeks injunctive relief in the form of the discontinuation of his medication.

　　　　Defendant Stallman now moves for dismissal pursuant to 42 U.S.C. § 1997e(a), on the grounds that Plaintiff has failed to exhaust his administrative remedies. Docket 13. Defendant suggests that following the involuntary medication hearing held on November 24, 2004, Thompson had the opportunity to appeal the determination to the Department's Medical Advisory Committee, but did not do so. Docket 13 at 2. Furthermore, Defendant cites the Department's "extensive grievance procedure available pursuant to Policy No. 808.03," noting that Plaintiff did not file a grievance regarding the involuntary administration of the psychotropic medication. Id., at 2-3.

　　　　"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The remedy for failure to exhaust administrative remedies is dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120.

---

　　　　[1]A review of the record reveals that there is no appeal or grievance paperwork attached to the Complaint.

The Affidavit of Laura Brooks filed in support of the Motion to Dismiss, (docket 19), outlines the administrative remedies available to Plaintiff, and states that Plaintiff neither filed an appeal pursuant to Policy No. 807.16, nor did he pursue the grievance procedure outlined in Policy No. 808.03.  Docket 19 at 3.

Exhaustion of administrative remedies, pursuant to Prison Litigation Reform Act (PLRA), is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong. Porter v. Nussle,122 S.Ct. 983,  991 (2002).  The doctrine of exhaustion of administrative remedies avoids the "premature interruption of the administrative process." McKart  v. United States, 395 U.S. 185, 193 (1969). The United States Supreme Court has explained as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. ... In other instances, the internal review might "filter out some frivolous claims." ... And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 122 S.Ct. at 988.

Plaintiff's Complaint suggests that he has exhausted his administrative remedies, (docket 2), but he has not responded to the Motion to Dismiss.  Plaintiff  has not shown that he has appealed his grievance to the highest possible administrative authority.  Thus, he has failed to exhaust, and may not proceed in this case until he has done so.

Accordingly, **it is hereby ordered** that Plaintiff is directed to show cause no later than June 2, 2006, as to whether he has exhausted his administrative remedies.   Failure to do so will result in granting the Motion to Dismiss at docket 13 without further notice from the Court.  The clerk is directed to send Plaintiff a copy of the "Response to Order to Show Cause" form with this Order.

Dated at Anchorage, Alaska, this 16th day of May 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge